**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                April 23, 2010

Courtroom Deputy: Nel Steffens
Court Reporter:    Suzanne Claar
Probation Officer: Jeanette Woll

**Criminal Action No. 09-cr-00360-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | James Boma |
| Plaintiff, | |
| v. | |
| 5. CLAUDIA LOPEZ-LOPEZ, | Edward Harris |
| Defendant. | |

**SENTENCING MINUTES**

**11:15 a.m.    Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

> **IT IS ORDERED** as follows:
>
> 1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;
>
> 2. That the pending motions are resolved as follows:
>
>    - the **Government's Motion for Defendant To Receive the Third Level for Acceptance of Responsibility Under U.S.S.G. §3E1.1(b)** [#103] filed March 24, 2010, is **GRANTED**;
>
>    - the **Government's Motion for Sentencing Reduction Under the Provisions of §5K1.1, U.S. Sentencing Guidelines, and Title 18, United States Code, Section 3553(e)** [#104] filed March 25, 2010, is **GRANTED**;
>
> 3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Indictment;
>
> 4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **thirty-five months**;
>
> 5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody

of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which she is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental

|   | health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant; |
|---|---|
| 7. | That no fine is imposed; |
| 8. | That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00; |
| 9. | That an Order and Judgment of Forfeiture shall enter under Fed.R.Crim.P. 32.2(b)(3) and 21 U.S.C. §853(p) on the defendant's voluntary and knowing admission of the forfeiture allegations made the subject of Count Three of the Indictment; |
| 10. | That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; and |
| 11. | That the defendant shall voluntarily surrender and report, at defendant's expense, to the institution designated by the Bureau of Prisons by 12:00 p.m. (noon) within fifteen days of the date of designation. |

The Defendant waives formal advisement of appeal.

Discussion regarding defendant's voluntary surrender.

**11:38 a.m.    Court in recess.**

Total time in court:   00:23

Hearing concluded.